{¶ 79} I concur fully with the well-reasoned disposition of the three assignments of error, as well as requiring the trial court to enter judgments of conviction for first-degree misdemeanor endangering children. I dissent insofar as the majority orders the trial court to resentence Mr. Pepka. He was originally sentenced to concurrent terms of two, three, and four years for third-degree felony endangering children. As the appropriate charges were for first-degree misdemeanor endangering children, carrying maximum sentences of one hundred eighty days imprisonment, and his sentences ran concurrently, I would hold that the term of his imprisonment has expired.
 {¶ 80} I further note my concern that we are not issuing a valid judgment. Section 3(A), Article IV, of the Ohio Constitution provides that three judges are necessary to hear an appeal. Section 3(B)(3), Article IV, of the Ohio Constitution provides, in pertinent part: "A majority of the judges hearing the cause shall be necessary to render a judgment." Judge Cannon and I agree that Mr. Pepka's *Page 22 
indictment was fatally flawed, and have voted to reverse on that basis. However, we cannot agree on whether Mr. Pepka should be resentenced, or released. Judge Rice, on the other hand, dissents regarding the dispositive assignment of error, and would affirm the trial court's judgment entirely. Nevertheless, she has voted to remand the cause to the trial court for resentencing upon reversal. It appears to me that we may be rendering an illusory judgment, since our decision to remand for resentencing depends upon the vote of a judge who has voted to affirm the trial court. I think we may be violating the Ohio Constitution's mandate that at least two judges of an appellate panel must agree in order to render a judgment. Despite earnest research, I have been unable to find a case where an Ohio appellate judge has voted both to affirm a trial court's judgment of sentence, and to reverse that judgment and remand for resentencing, all based on a single assignment of error.
 {¶ 81} Consequently, I respectfully concur in part, and dissent in part.